UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

CHANCE & ANTHEM, LLC,                              CASE NO. 18-16248-MAM
                                                   Chapter 7
    Debtor.
_____/

ROBERT C. FURR, not individually but as
Chapter 7 Trustee of the estate of the Debtors,

    Plaintiff,

v.                                                 ADV. NO. 22-01032-MAM

GEORGE MALER and JERI MALER,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, GEORGE MALER and JERI MALER (the "Malers"), by and through undersigned counsel and file this Answer to the Complaint, and state:

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit.
8. Admit.
9. Admit.

10. Without knowledge.

11. Without knowledge.

12. Admit.

13. Admit.

14. Without knowledge.

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. The Defendants respond to paragraph 19 in the same manner as set for the above.

20. Admit.

21. Admit.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. The Defendants respond to paragraph 27 in the same manner as set for the above.

28. Admit.

29. Admit.

30. Admit.

31. Admit

32. Admit that Defendants received funds from one of the consolidated debtors, deny all other allegations within the paragraph.

33. Deny.

34. Admit that Defendants were immediate transferees, deny all other allegations within the paragraph.

35. The Defendants respond to paragraph 35 in the same manner as set for the above.

36. Admit.

37. Admit.

38. Admit that Defendants received funds from one of the consolidated debtors, deny all other allegations within the paragraph.

39. Without knowledge.

40. Without knowledge

41. Deny.

42. Admit that Defendants were immediate transferees, deny all other allegations within the paragraph.

43. Deny.

44. The Defendants respond to paragraph 44 in the same manner as set for the above.

45. Deny.

46. Admit that Defendants were immediate transferees, deny all other allegations within the paragraph.

47. Deny.

48. The Defendants respond to paragraph 48 in the same manner as set for the above.

49. Admit.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

## **AFFIRMATIVE DEFENSES**

The Malers assert as an affirmative defense that any payments received were for a repayment of debt.

The Malers assert as an affirmative defense that Jeffrey Siskind was the alter ego of the consolidated debtors and that all records of the consolidated debtors were inextricably intertwined for the benefit of Siskind.

I hereby certify that a copy of the foregoing was provided electronically to Barry Gruher, Esquire, bgruher@gjb-law.com this 22nd day of March, 2022.

>BRIAN K. MCMAHON, P.A.
>1401 Forum Way, 6th Floor
>West Palm Beach, FL 33401
>Tel (561)478-2500
>Fax (561)478-3111
>briankmcmahon@gmail.com
>
>  /s/ Brian K. McMahon
>Brian K. McMahon
>FL Bar No. 853704